U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUL 25 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LARRY V. DEVORE<br>FED.REG. NO. 11147-014 | CIVIL ACTION NO. 07-1002 |
| VS. | SECTION P<br>JUDGE DRELL |
| WARDEN FREDRICK MENIFFEE | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on June 8, 2007 by *pro se* petitioner Larry V. Devore. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving the 235 month sentence imposed following his 1993 conviction for possession of a firearm by a convicted felon and the enhanced penalty provision applicable to armed career criminals.

This collateral attack has been assigned to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

In July 1993 petitioner was found guilty as charged of possession of a firearm by a convicted felon (18 U.S.C. §922(g)(1)) and guilty as charged of the enhanced penalty

provision applicable to armed career criminals set forth in 18 U.S.C. §924(e) in the United States District Court for the District of Connecticut. <u>United States of America v. Larry Devore</u>, No. 3:92-cr-00058. His conviction and sentence were summarily affirmed by the United States Second Circuit Court of Appeals on February 24, 1995. On April 28, 1997 petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the United States District Court in Connecticut; that motion was denied on March 9, 1997.

On May 11, 2004 he filed a "Motion for Relief from Illegally Imposed Sentence of Imprisonment" in the United States District Court in Connecticut. See <u>Larry Devore v. United States of America</u>, Nos. 3:92-cr-00058 and 3:04-cv-00813 (Conn.) In this motion petitioner attacked the constitutionality of the enhanced career criminal sentence. On December 15, 2004 United States District Judge Alvin W. Thompson authored a ruling which stated in pertinent part:

> Petitioner Larry Devore ... has filed a 'Motion for Relief from Illegally Imposed Sentence of Imprisonment,' arguing that he should not have been sentenced as an armed career criminal... Recognizing that he is procedurally barred under 28 U.S.C. §2255, the Petitioner files the instant petition pursuant to 28 U.S.C. §2241, as well as the All Writs Act, i.e., 28 U.S.C. §1651, and the United States Constitution.
>        *          *          *
> Here the petitioner contends that he is asserting a claim of 'actual innocence' of armed career criminal status... This is so because the Petitioner argues that there is insufficient proof that he qualifies for armed career criminal status under 18 U.S.C. §924(e) because

> the government did not produce certified copies of court judgments with respect to the predicate convictions but, rather, simply proffered rap sheets and police reports. Thus, the Petitioner is not asserting that he did not actually commit the predicate offenses...
>
> In addition, the Petitioner fails to satisfy the requirement that his claim could not have effectively been raised at an earlier time. When the petitioner appealed his conviction and sentence, he raised the argument that the district court improperly sentenced him as an armed career criminal. In addition, the Petitioner also had the opportunity to raise this argument as part of his first §2255 motion. Devore, supra, at doc. 7.

Judge Thompson then construed petitioner's pleading as a second and successive §2255 motion and ordered it transferred to the Second Circuit Court of Appeals. [id.]

On March 15, 2004 the Second Circuit summarily denied authorization for the second and successive motion. Devore v. United States, No. 04-6591.

Petitioner filed the instant petition on June 8, 2007. Petitioner claims that he is entitled to relief because,

> In finding that the Petitioner qualified as an 'armed career criminal' the sentencing court relied on police records to prove that the prior predicates of burglary conviction were 'generic' and ruled that the government had met its burden of proof. This finding was over the Petitioner's objection to the standard and the findings of the presentence investigation report (P.S.R.). There was never any proof offered by the government as a via charging document, or written plea agreement of the state convictions transcripts explaining that a physical risk of harm was committed, or that someone's life was placed under danger as a crime of violence. There were no state transcripts as of a document brought before the proceedings to see if a colloquy or any substantiated claim that Devore's burglary really

3

>    qualified him as an 'armed career criminal' in federal court.
>
>    There has now been a supervening change in the law governing the standard of proof which is acceptable to a plea of guilty concerning state convictions to burglary as generic, for the purposes of enhancements to the A.C.C.A., under 18 U.S.C. §924(e)(i) that is used in federal courts. Devore relies now on <u>Shepard v. United States</u>, 544 U.S. 13, 161 L.Ed.2d 206, 125 S.Ct. 1254... [doc. 1-3, p. 7]

### *Law and Analysis*

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a <u>retroactively</u>

4

<u>applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense</u>, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the sentence imposed pursuant to 21 U.S.C. §924(e). He claims that the evidence used to establish prior convictions was insufficient to warrant enhancement based on the Supreme Court's March 7, 2005 decision in <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

Petitioner attacks the legality of the sentence enhancement under the Armed Career Criminal Act. Such a claim is more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore, as shown above, he may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or

5

ineffective to test the legality of his detention."

Petitioner implies that <u>Shepard v. United States</u>, *supra*, is a retroactively applicable Supreme Court decision which establish that he "... is entitled to review under the actual innocence exception..." [doc. 1-3, p. 3] His reliance on <u>Shepard</u> is misplaced. The Supreme Court has not held that <u>Shepard</u> is retroactive and it is axiomatic that "... a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive..." See <u>Tyler v. Cain</u>, 533 U.S. 656, 663, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001)("The Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." *Id.*); see also <u>United States v. Armstrong</u>, 151 Fed.Appx. 155, 157, 2005 WL 2562023 (3rd Cir. 2005)(unpublished).

Since petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense his *habeas corpus* petition must be dismissed for lack of jurisdiction. See <u>Tran v. Conner</u>, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal

Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _____, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE